THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CATALENT PHARMA SOLUTIONS, LLC,**<br><br>　　Petitioner,<br><br>　　v.<br><br>**ROMARK GLOBAL PHARMA, LLC,**<br><br>　　Respondent, | **Misc. No. 24-445 (ADC)** |

**OPINION AND ORDER**

Petitioner Catalent Pharma Solutions, LLC ("Catalent") filed a motion to confirm an arbitration award on October 16, 2024. **ECF No. 1**. The Final Arbitral Award in *Catalent Pharma Solutions, LLC v. Romark Global Pharma*, LLC, G-23-02-N-AA (Sept. 11, 2024) (Mayer, Weiner, Agris, Arbs.), dated September 11, 2024, was rendered by a three-person arbitral tribunal sitting in Puerto Rico, applying the substantive and arbitral law of Delaware, and conducted pursuant to the International Institute of Conflict Prevention's ("CPR") Administered Arbitration Rules, effective March 1, 2019. **ECF No. 1-1** at 14-63. Briefly, the underlying dispute centered around mutual claims of breach of contract between Catalent and respondent Romark Global Pharma, LLC ("Romark"). Both had entered into a Commercial Supply Agreement for Catalent to manufacture and supply a certain pharmaceutical product for Romark. Some amounts of that product ended up being contaminated. Catalent demanded payment, but Romark refused to

pay in full. Romark further sought to hold Catalent liable for damages related to the contaminated product through several counterclaims. The arbitral tribunal ended up ruling in favor of Catalent on its claim, even though it granted some of Romark's counterclaims while denying others. The balance of the award favored Catalent to the tune of $4,512,482.63 plus pre- and post-award interest.[1]

In apparent response to Catalent's motion to confirm, Romark filed its own motion to vacate on November 14, 2024. **ECF No. 9**. However, this filing, as per Romark's own admission, was made in order to "preserve Romark's right to petition the Court to vacate the arbitration award at issue." *Id.*, at 1, n.1. Romark' motion to vacate centers on the arbitral tribunal's rejection of some of its counterclaims.

The Court ordered Catalent to refile its motion to confirm due to a jurisdictional pleading deficiency. **ECF No. 11**. Catalent complied, filing an amended motion to confirm on December 4, 2024. **ECF No. 22**. That same day, the Court issued an Order in which it established a briefing schedule for the parties to follow. **ECF No. 14**. That Order required Romark to "file a consolidated (i) response to the motion to confirm[,] (ii) motion to vacate[, and] . . . also separately file its Rule 7.1(a)(2) disclosure statement" by December 18, 2024. *Id.***,** at 2. Romark,

---

[1] The Final Arbitral Award incorporates a prior Partial Arbitral Award issued on August 16, 2024, in which the arbitral tribunal "finally resolved any and all claims and defenses submitted or asserted in this arbitration other than the determination of interest on the damages awarded therein and the potential application of setoff or recoupment." **ECF No. 1-1** at 14.

however, requested an extension of time of roughly a month and a half to comply with its deadline, which the Court granted. **ECF No. 24, 25**. Romark's filing was due on January 31, 2025.

However, on January 16, 2025, Romark's attorney filed a motion to withdraw from its legal representation. **ECF No. 26**. In it, he stated that Romark had not formalized his retainer as counsel, reason for which he felt compelled to withdraw pursuant to Rule 1.16(b) of the Model Rules of Professional Conduct. *Id.*, at 2. He asked that the Court grant Romark a thirty-day extension to appear and announce new legal counsel. *Id.* The Court, over Catalent's objection, granted Romark a fifteen-day extension, until February 5, 2025, but warned that failure to appear and comply would result in confirmation of the arbitration award. **ECF No. 28**.[2]

The new deadline came and went without an appearance from Romark. Catalent now asks the Court to enter judgment confirming the arbitration award. **ECF No. 32**. Because Romark failed to comply with the Court's Order and properly oppose Catalent's motion to confirm, it has waived the very right it sought to preserve by filing the initial motion to vacate. The Court, as previously (and repeatedly) warned, will therefore confirm the arbitration award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"), or, alternatively, Section 5713 of the Delaware Uniform Arbitration Act, 10 Del. C. § 5713 ("DUAA").[3]

---

[2] The Court twice required Romark's attorney of record to notify its order to his client, and on both times the attorney certified his compliance. *See* **ECF Nos. 29, 31**.

[3] In its motion to confirm, Catalent noted that the parties had stipulated to the application of DUAA in the arbitration below. *See* **ECF No. 22** at ¶¶ 19-21; **ECF No. 1-1** at 3. Accordingly, it sought alternative relief under the confirmation provision of that statute. **ECF No. 22** at ¶¶ 24-25. Romark likewise cited DUAA and its grounds for vacatur in its motion to vacate. **ECF No. 9** at ¶¶ 20,23, 41-42. "While parties to an arbitration contract may contemplate enforcement under state statutory or common law rather than the FAA, we have emphasized that FAA

For the sake of completeness, even if Romark's arguments for vacatur had not been waived, the Court would not rule differently. Romark's motion to vacate is grounded on the claim that "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *See* **ECF No. 9** at ¶¶ 37-38; *see also* 9 U.S.C. § 10(a)(4); 10 Del. C. § 5714(a)(3). Specifically, Romark contended that the arbitral tribunal failed to properly resolve some, but not all, of its counterclaims because it did not find that Catalent "adulterated" the product at issue within the meaning of 21 C.F.R. § 211 and did not find that it incurred in willful misconduct.

Romark's burden would have been a heavy one to bear. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013); *see also Hoolahan v. IBC Advanced Alloys Corp.*, 947 F. 3d 101, 116 (1st Cir. 2020) (referring to burden under 9 U.S.C. § 10(a)(4) as a "precipitous incline"). Courts "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). "Even where such error is painfully clear, courts are not authorized to reconsider the merits of arbitration awards." *Advest, Inc. v. McCarthy*, 914 F.2d 6, 8 (1st Cir. 1990) (internal citation and quotation marks omitted). Thus, only if "the arbitrator acts outside the scope of his

---

displacement can occur only if the parties have so agreed explicitly." *Ribadeneira v. New Balance Athletics, Inc.*, 65 F.4th 1, 13 (1st Cir. 2023) (cleaned up). Assuming that this stipulation is an explicit displacement of the FAA, the Court would nonetheless reach the same result under either the federal or state provision, as they are substantively identical in the relevant respects. *See Travelers Ins. Co. v. Nationwide Mut. Ins. Co.*, 886 A.2d 46, 49 (Del. Ch. 2005) ("Because 10 *Del. C.* § 5714(a)(3) is modeled after the Federal Arbitration Act, however, 'federal cases interpreting this section are most helpful.'") (citing *Falcon Steel Co. v. HCB Contractors, Inc.*, No. CIV. A. 11557, 1991 WL 50139, at *3 (Del. Ch. Apr. 4, 1991)).

contractually delegated authority—issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract—may a court overturn his determination." *Oxford Health Plans*, 569 U.S. at 569 (cleaned up).

A review of the Final Arbitration Award does not evince any excess or deficient exercise of power that would merit finding the award subject to vacatur. The arbitral tribunal considered Romark's counterclaims in their entirety, including the arguments made in the motion to vacate, and rejected those it found without merit. As to its decision not to make a finding on "adulteration," it is clear the arbitral tribunal rejected Romark's argument and opted to rely on the parties' stipulation that some of the product at issue was contaminated and not suitable for use:

> For the avoidance of doubt, the Tribunal, having carefully reviewed the findings in connection with the investigation and the experts' reports, rejects Romark's other bases for claiming that any product was 'adulterated' under applicable law. In assessing Romark's request for relief, the Tribunal instead focused on the undisputed fact that certain product was contaminated and thus not suitable for use, as discussed further below.

**ECF No. 1-1** at 41, ¶ 4.j, n.9. The arbitral tribunal then analyzed who bore the risk of an unsuitable product according to terms of the parties' agreement and whether Romark was entitled to damages. Indeed, the arbitral tribunal at times found Catalent in breach of its contractual obligations on this very basis, and it awarded Romark damages. *See id.*, at 45, ¶ 4.u.xiv-xvi. Romark does not show how a ruling on "adulteration" would have changed the

result. Its argument merely amounts to a disagreement with the arbitral tribunal on how it applied the law.

Furthermore, with regard to the arbitral tribunal's determination that Catalent did not engage in willful misconduct, Romark is again merely expressing a disagreement with the arbitral tribunal's interpretation and application of the law and facts before it. The arbitral tribunal explicitly stated that it did not find that Catalent acted with any willful misconduct. *See, e.g.*, **ECF No. 1-1** at 38 ¶ 2.m, n.8 ("[B]ased on the record, a technical regulatory violation (if any) would not constitute willful misconduct or gross negligence."). Instead, when it found that Catalent breached its duties to Romark, it ruled that the conduct amounted to negligence. *See, e.g.*, **ECF No. 1-1** at 38 ¶ 2.h. Romark's disagreement is just that, a disagreement. That the arbitral tribunal did not include a detailed analysis on this issue to Romark's satisfaction is not a basis for vacatur.

"To obtain vacatur of an arbitration award, it is not enough for a party to show that the [arbitral tribunal] committed an error—or even a serious error." *Raymond James Fin. Servs., Inc. v. Fenyk*, 780 F.3d 59, 63 (1st Cir. 2015) (cleaned up). Romark's motion to vacate does little more than express its disagreement with the way the arbitral tribunal applied the law to the facts. It takes a much stronger showing to warrant vacatur in this context. Therefore, the Court cannot hold that the arbitral tribunal exceeded its powers or that it failed to render a final and complete award under either Section 10(a)(4) the FAA or Section 5714(a)(3) of the DUAA.

For these reasons, the Court **GRANTS** Catalent's amended motion to confirm the Final Arbitration Award at **ECF No. 22**. Romark's motion to vacate at **ECF No. 9** is **DENIED**. Judgment shall be entered in favor of Catalent in the amount of $4,512,482.63 plus interest from August 17, 2024, to the final date of payment on such Judgment, to be calculated at a per-day rate of .058% for months ending in 30 days and .056% for months ending in 31 days.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 12th day of February, 2025.

                                                  **S/AIDA M. DELGADO-COLÓN**
                                                  **United States District Judge**